# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 19, 2008 Session

## IN THE MATTER OF:  FLBH, FJH, JR., FH, FLHH, and FEH

**Direct Appeal from the Juvenile Court for Shelby County**
**No. N1815 and N870      Herbert J. Lane, Special Judge**

_____

**No. W2008-00214-COA-R3-PT - Filed September 2, 2008**
_____

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and
J. STEVEN STAFFORD, J., joined.

Andrew L. Wener, Memphis, Tennessee, for the appellant, Betsy Hawkins.

Robert E. Cooper, Jr., Attorney General and Reporter, and Diane Stamey Dacus, Assistant Attorney
General, Amy T. McConnell, Assistant Attorney General, Kelley Renee Thomas, Assistant Attorney
General, and James Franklin, Jr., Assistant Attorney General, for the State of Tennessee, Department
of Children's Services.

### MEMORANDUM OPINION[1]

This is a termination of parental rights case.  By final order entered in April 2008, the trial
court terminated the parental rights of Respondent/Appellant Betsy Hawkins (Mother)[2] to her five
children, F.L.B.H.; F.J.H., Jr.; F.H.; F.L.H.H.; and F.E.H., based on persistence of conditions.
Mother filed a timely notice of appeal to this Court.  Sometime prior to the transmission of the record

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify
> the actions of the trial court by memorandum opinion when a formal opinion would have no
> precedential value. When a case is decided by memorandum opinion it shall be designated
> "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any
> reason in any unrelated case.

[2]The State's December 2006 petition to terminate parental rights named Mother, three alleged fathers, and
"unknown fathers" as Respondents.  In April 2008, the trial court entered final judgment against Mother pursuant to
Rule 54.02 of the Tennessee Rules of Civil Procedure.

to this Court, nine exhibits were misplaced in the trial court.[3] Petitioner/Appellee State of Tennessee, Department of Children's Services ("the State") and Mother agree that the missing exhibits cannot be recreated for the purpose of review on appeal.

Mother asserts that the record does not contain clear and convincing evidence of persistence of conditions or best interests. She urges us to reverse the trial court's judgment. The State agrees that the record available for this Court's review does not contain sufficient evidence upon which we may affirm the trial court's judgment. In its brief to this Court, the State asserts that, despite the general presumption that the trial court's findings are correct, and although it ordinarily would "defend the judgment of the trial court . . . in this case, the record is not of sufficient completeness" to demonstrate whether clear and convincing evidence was presented. The State submits that, in light of the inadequacy of the record, the trial court's judgment should be vacated and the case remanded for a new trial in order to "ensure that [Mother's] constitutional rights are preserved" and "that her children achieve permanent placement in the most expeditious manner possible." In response to questioning at the oral argument of this matter in August 2008, the State asserted that it urged us to vacate the trial court's order and remand for a new trial in order to expedite further proceedings in the trial court.

We begin our analysis, therefore, by observing that the State asserts that affirming the trial court's judgment based on the incomplete record before us would not meet constitutional muster in this case. We further note that the State asserts that the missing exhibits are determinative and that the parties cannot recreate them. We therefore fail to see the logic in the State's assertion that the case should be remanded for a new trial when the evidence apparently necessary to demonstrate clear and convincing evidence of persistence of conditions and best interests is unavailable. Accordingly, and in consideration of the State's concern that the record absent the misplaced exhibits is insufficient to constitute clear and convincing evidence in light of the constitutional considerations present in parental termination actions, we are compelled to reverse the judgment of the trial court.

### *Holding*

In light of the foregoing, the judgment of the trial court terminating Mother's parental rights is reversed. Costs of this appeal are taxed to the Appellee, the State of Tennessee, Department of Children's Services.

_____
DAVID R. FARMER, JUDGE

---

[3]Upon review of the transcript, it appears that the misplaced exhibits include "court records," multiple permanency plans, and a letter submitted by Mother regarding her housing situation.